**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prentice Williams,<br><br>    Plaintiff,<br><br>v.<br><br>City of Tempe, et al.,<br><br>    Defendants. | No. CV-17-02161-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Partial Motion to Dismiss of Defendants City of Tempe ("Tempe"), Tempe Police Department ("TPD"), Officer Ratko Aleksis, and Officer Blake Dunn (collectively, "the Tempe Defendants"). (Doc. 36). For the following reasons, the Court grants the motion.

## BACKGROUND

Plaintiff Prentice Williams brings this suit, pro se, against the Tempe Defendants and Defendants Albertsons and Safeway Inc. Mr. Williams is an African-American resident of Tempe, Arizona. In Count I, Mr. Williams alleges that on July 8, 2015, Officer Aleksis stopped him without probable cause. Officer Aleksis allegedly told Mr. Williams that he was stopped because his car was parked in a "well[-]known drug area." (Doc. 27, p. 2). Officer Aleksis allegedly requested Mr. Williams's driver's license and ran a warrants check. Mr. Williams states that Officer Aleksis did not let him go for over an hour until a Lieutenant McHenry was brought to the scene. Mr. Williams states that Officer Aleksis stopped him because "I'm black, due to historical harassment & illegal

surveillance." *Id*. In Count II, Mr. Williams alleges that on May 8, 2016, a Safeway store manager, J.D. Hall, provided an "environment, opportunity & atmosphere for Off. Blake Dunn [ ], not in uniform, with no suspicion or probable cause, to assaulted and harass me." *Id*. at p. 3. Mr. Williams further states that Mr. Hall targeted him for "TPD's racist toxic culture, infecting Off. Dunn's, (acting with glee) due to my race." *Id*. The Tempe Defendants move to dismiss all claims except the Fourth Amendment claim against Officer Aleksis.

**DISCUSSION**

**I.  Legal Standard**

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Court must construe the complaint liberally since Plaintiff is proceeding pro se. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted); *Eldridge v.*

*Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citations omitted); *Ashelman v. Pope*, 793 F.2d 1072. 1078 (9th Cir. 1986) ("[W]e hold [plaintiff's] pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers.").

## II. Analysis

Reading Plaintiff's Complaint liberally, Plaintiff alleges both Fourth and Fourteenth Amendment violations against Officers Aleksis and Dunn. These constitutional complaints are cognizable under 42 U.S.C. § 1983. The Defendants concede that, at this point in the litigation, Plaintiff has sufficiently alleged a Fourth Amendment violation against Officer Aleksis. Defendants challenge the legal sufficiency of the remaining claims. Plaintiff alleges that Officer Aleksis stopped and arrested him because he is black. To succeed on an equal protection claim, Plaintiff "must prove that [the officer] 'acted in a discriminatory manner and that the discrimination was intentional.'" *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948 (9th Cir. 2003) (quoting *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000)) (overruled on other grounds). The Ninth Circuit has held that where a plaintiff "is African-American, the officer is white, and they disagree about the reasonableness of the traffic stop, . . . [w]e disagree that this is sufficient to state an equal protection claim." *Bingham*, 341 F.3d at 948. Other than stating that he is black and alleging that Officer Aleksis had no reasonable suspicion, Plaintiff has alleged no further facts to support that Officer Aleksis acted in a discriminatory manner and with a discriminatory intent. For a similar reason, the Court also dismisses the Fourteenth Amendment claims against Officer Dunn. Plaintiff alleges that Officer Dunn assaulted and harassed him at a Safeway store and "act[ed] with glee" due to his race. (Doc. 27, p. 3). This allegation is insufficient to state a claim for an equal protection violation. As to the Fourth Amendment claim, Plaintiff simply alleges that Officer Dunn "assaulted and harass[ed]" him. *Id*. Plaintiff states that this occurred at a Safeway and that Officer Dunn was not in uniform. Plaintiff has not alleged that he was arrested or stopped without reasonable

suspicion. The Court dismisses Fourth and Fourteenth Amendment claims against Officer Dunn and the Fourteenth Amendment claim against Officer Aleksis.

Defendants move to dismiss the City of Tempe from this action. Local governments "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978). Similarly, local governments may be "sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690–91. However, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. at 691. Thus, Plaintiff cannot proceed with a suit against the City of Tempe simply because the City of Tempe employs Officers Aleksis and Dunn; Plaintiff must allege that the City of Tempe itself has a policy, regulation, or custom which violates the law. Plaintiff's Complaint is sparse, but he does allege "historical harassment & illegal surveillance" and "TPD's racist toxic culture." (Doc. 27, pp. 2–3). Even construing Plaintiff's allegations liberally, as the Court must with a pro se plaintiff, he has not alleged a policy or custom of discrimination based on race at the Tempe Police Department.

Defendants also move to dismiss the Tempe Police Department. In Arizona, "actions brought by or against a county or incorporated city or town shall be in its corporate name." Ariz. R. Civ. P. 17(d). Arizona cities are empowered to "establish and regulate the police of the town, to appoint watchmen and policemen, and to remove them, and to prescribe their powers and duties." A.R.S. § 9-240(B)(12). The Tempe Police Department, therefore, is a subpart of the City of Tempe and not a separate entity for the purposes of a lawsuit. *See, e.g.*, *Gotbaum v. City of Phoenix*, 617 F.Supp.2d 878, 886 (D. Ariz. 2008); *Joseph v. Dillard's, Inc.*, No. 08-cv-1478-PHX-NVW, 2009 WL 5185393, at

*5 (D. Ariz. filed Dec. 24, 2009). Moreover, where the City of Tempe is already named as a Defendant, the Tempe Police Department's "presence is superfluous." *Scotti v. City of Phoenix*, No. 09-cv-1264-PHX-MHM, 2010 WL 994649, at *5 (D. Ariz. filed March 7, 2010). The Court grants Defendants' Motion to Dismiss the Tempe Police Department as a non-jural entity.

## CONCLUSION

Plaintiff has failed to plead sufficient facts to establish a Fourth Amendment claim against Officer Dunn, a Fourteenth Amendment claim against Officer Dunn, or a Fourteenth Amendment claim against Officer Aleksis. Similarly, Plaintiff has not plead sufficient facts to state a claim against the City of Tempe. The Tempe Police Department is dismissed, as it is a non-jural entity. The Fourth Amendment claim against Officer Aleksis remains.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss filed by Defendants City of Tempe, Tempe Police Department, Officer Ratko Aleksis, and Officer Blake Dunn (Doc. 36) is **GRANTED**. The following Defendants are dismissed from this action:

1. The City of Tempe;
2. Tempe Police Department; and
3. Officer Blake Dunn;

Dated this 31st day of August, 2018.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge