**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prentice Williams,<br><br>        Plaintiff,<br><br>v.<br><br>City of Tempe, et al.,<br><br>        Defendants. | No. CV-17-02161-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendants Safeway Inc. ("Safeway") and Albertsons Companies Inc.'s ("Albertsons") (collectively "Defendants")[1] Motion for Summary Judgment. (Doc. 133). The Court has now considered the Motion (Doc. 133, "Mot."), Response (Doc. 153, "Resp."),[2] and Reply (Doc. 165, "Reply") along with relevant case law. The Court has determined that oral argument will not be helpful to resolution of this motion and will be vacated. *See* L.R. Civ 7.2(f).

**BACKGROUND**

In his First Amended Complaint, (Doc. 27, "FAC"), Plaintiff names as defendants the City of Tempe, the Tempe Police Department, Officer Ratko Aleksis, Officer Blake Dunn (collectively, "the Tempe Defendants") and Albertsons/Safeway Inc. On August 31,

---

[1] This motion is filed only by Defendants Safeway Inc. and Albertsons Companies Inc. For the sake of this motion, the Court will use "Defendants" to refer to the filing parties and not all named defendants.
[2] Plaintiff's response is a joint response to this motion as well as to Defendant Aleksis's Motion for Summary Judgment (Doc. 135).

2018, this Court dismissed all claims against the Tempe Defendants except the Fourth Amendment claim against Officer Aleksis, (Doc. 132), which is not at issue in the present motion. In Count II of the FAC, Plaintiff discusses incidents that occurred at a Safeway Store in Tempe, Arizona[3] (the "Safeway Store") and lists the following causes of action: Assault, Excessive Force, Elder Abuse, and Harassment. (FAC at 3).

The present motion is brought by Defendants Safeway and Albertsons and asks for summary judgment on all claims brought against Defendants. In the FAC, Plaintiff alleges that "Safeway Store Manager J.D. Hall [ ] provided an environment, opportunity & atmosphere for Off[icer] Blake Dunn (21722), not in uniform, with no suspicion or probable cause, to assault[ ] and harass me," and that "Hall targeted me for [Tempe Police Department's] racist toxic culture, infecting Off[icer] Dunn's, (acting with glee) due to my race." (FAC at 3). Plaintiff also alleges that "Hall also witnessed an 'LP'[4] - Employee - grab my arm, (Assault) with impunity." (FAC at 3).

The following facts are summarized from Plaintiff's response to Defendants' interrogatory requests. (Doc. 134-1 at 5–7). Plaintiff describes two separate incidents occurring at the Safeway Store. First, on May 2, 2015, Plaintiff was in the Safeway Store to shop and was talking to store manager J.D. Hall when he noticed a man nearby trying to hear the conversation. The man asked Hall if everything was okay, to which Hall shook his head in the affirmative. The man then forcefully grabbed Plaintiff's left arm and said to Hall that he could remove Plaintiff from the store if Hall wanted him to. Hall said no, and the man held on to Plaintiff for about 14 seconds before Hall said he could let him go. Plaintiff then got in line, paid for his items, and left the store.

In their Statement of Facts, (Doc. 134, "DSOF"), Defendants identify the man as the loss prevention officer on duty that day, Marcus Dove. (DSOF ¶ 11). Defendants also note that Plaintiff testified that he has no recollection as to whether Dove said anything to

---

[3] Plaintiff alleges in the FAC that the Safeway Store is located at 950 E. Broadway Road, (FAC at 3), but Safeway asserts that the store is located at 926 E. Broadway Road. (DSOF ¶ 2).
[4] Plaintiff does not define "LP," but Defendants interpret this to mean "loss prevention" employee. (Mot. at 1).

Plaintiff or what Dove may have said. (DSOF ¶ 10). Additionally, Plaintiff testified that Dove grabbed Plaintiff's arm for 10 seconds and that Plaintiff had no marks or bruises on his arm following the incident. (DSOF ¶¶ 12, 13).

The second incident occurred on May 10, 2015, when Plaintiff walked into the Safeway Store, picked up items, and got in line to pay. After he paid for his items and started to walk to the door, Plaintiff saw the same man who grabbed his arm on May 2 standing with two others near the door. Plaintiff alleges that as he walked, Officer Dunn, one of the three men standing near the door, grabbed Plaintiff's right arm and said he wanted to say something to Plaintiff. Plaintiff asked Officer Dunn why he was grabbing him, and the two briefly conversed. Plaintiff then left the store.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The court need only consider the cited materials, but it may also consider any other materials in the record. *Id.* 56(c)(3). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Id.* at 323–24.

Initially, the movant bears the burden of demonstrating to the Court the basis for the motion and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the movant fails to carry its initial burden, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant meets its initial responsibility, the burden then shifts to the nonmovant to establish the existence of a genuine issue of material fact. *Id.* at 1103. The nonmovant need not establish a material issue of fact conclusively in its favor, but it "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). However, in the summary judgment context, the Court believes the nonmovant's evidence, *id.* at 255, and construes all disputed facts in the light most favorable to the nonmoving party, *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

While the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Regardless of his pro se status, at summary judgment, the elements Plaintiff must prove and Plaintiff's burden of proof are not relaxed simply because he is appearing without the assistance of counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *see also Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules" (citation omitted)).

## II. Analysis

### A. *Procedural Defects*

At the outset, the Court is compelled to address deficiencies present in Plaintiff's Response. First, in addition to his Response (Doc. 153), Plaintiff filed a sur-reply (Doc. 168) without moving for leave to do so. The rules do not contain a provision allowing parties to file sur-replies. *See Armenta v. Spencer*, No. CV-16-00697-TUC-DCB, 2018 WL 4698648, at *1 (D. Ariz. Oct. 1, 2018) ("There is no provision for Sur-replies."). And even then, "[c]ourts generally view motions for leave to file a sur-reply with disfavor." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-CV-01118-BEN-BLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). The Court will strike Plaintiff's sur-reply and not consider it.[5]

Second, Plaintiff violated Local Rule 56.1(b) by not filing a controverting statement of facts. Local Rule 56.1(b) requires a party opposing a motion for summary judgment to

> file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. . . .

If an opposing party fails to file a controverting statement of facts, the Court may deem the moving party's statement of facts to be true. *Szaley v. Pima Cty.*, 371 F. App'x 734, 735 (9th Cir. 2010); *see also Pierson v. City of Phoenix*, No. CV-16-02453-PHX-DLR, 2017 WL 4792122, at *1 (D. Ariz. Oct. 24, 2017) ("The court may deem a movant's separate statement of facts to be true if the nonmoving party does not comply with [Local Rule 56.1]"). Because Plaintiff did not include a controverting statement of facts in response to

---

[5] The Court notes that even if Plaintiff's sur-reply was to be considered by the Court, Plaintiff fails to make any new arguments and only makes blanket statements concerning the entirety of the evidence, i.e., "Plaintiff's Affidavits, his Declaration and all MIDP items are significant probative evidence to support all assertions." (Doc. 168 at 2).

- 5 -

this Motion,[6] the Court will consider Defendants' Statement of Facts (Doc. 134) as true.[7]

Third, Plaintiff violated Federal Rule of Civil Procedure 56(c) and Local Rule of Civil Procedure 56.1(e) by not citing to specific evidence in the record. "Memoranda of law filed . . . in opposition to a motion for summary judgment . . . must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies . . . ." LRCiv 56.1(e). Plaintiff's Response contains only four short lines discussing the allegations against Defendants, in which he made no citations to the record. (Resp. at 3).

Despite these deficiencies, the Court will still rule on Defendants' Motion. Given the limited nature of the factual allegations, the Court is still able to consider whether there exists any genuine dispute of material fact.

### B. *Claims Against Albertsons*

As an initial matter, Defendants argue that no liability has been established against Albertsons. (Mot. at 2). Defendants assert that the Safeway store where the alleged incidents occurred is owned and operated by Safeway Inc. (DSOF ¶ 2). Defendants further assert that the outstanding shares of Safeway are owned by Albertsons and that Safeway stores are operated independently of Albertsons. (DSOF ¶ 5). Defendants cite to *Honeywell, Inc. v. Arnold Construction Co.*, 654 P.2d 301, 307 (Ariz. Ct. App. 1982), and argue that "[m]ere ownership of the shares of Safeway does not create liability for Albertsons." (Mot. at 3).

Plaintiff has not alleged any claims implicating Albertsons outside of the incidents

---

[6] Plaintiff does respond to Defendant Officer Aleksis's Statement of Facts. (Resp. at 7–9).
[7] On November 27, 2018, Plaintiff filed notice with the Court saying that Defendants' counsel only provided him "with a copy of a Separate Statement of Facts instead of copy of his Statement of Facts." (Doc. 157). Plaintiff then stated in his sur-reply that "there was 'No' Statement of Facts in their motion for summary judgment that's significant enough to deny corporates motion." (Doc. 168 at 2). While it is not entirely clear what Plaintiff is asserting, the Court notes (1) that Plaintiff does state that he received a "Separate Statement of Facts" from Defendants' Counsel, (2) that Document 134 is entitled "Separate Statement of Facts," and (3) that Document 134 contains a certificate of service verifying service on Plaintiff.

that occurred at the Safeway Store; nor has Plaintiff provided any evidence refuting Defendants assertions as to the operating structures of Safeway and Albertsons. "Where a corporation has been properly created, the personal assets of a stockholder may not normally be reached to satisfy corporate debts." *Honeywell*, 654 P.2d at 307. Accordingly, summary judgment is granted as to all claims against Albertsons. The discussion pertaining to the remaining counts will concern only Defendant Safeway.

### C. *Assault Claim Against Safeway*

In regard to the two separate incidents alleged to have occurred at the Safeway Store, only the May 2 incident implicates the claim for assault.[8] Safeway asserts that Plaintiff's claim of "assault" relating to the May 2 incident where Dove grabbed Plaintiff's arm fails because Plaintiff cannot prove the elements of his claim. (Mot at 3).

Safeway first questions whether Plaintiff intended to bring a claim for assault or for battery. (Mot. at 3). The elements for the two claims are fairly similar. "To establish a claim for battery under Arizona law, the plaintiff must allege that the defendant intentionally engaged 'in an act that results in harmful or offensive contact with the person of another.'" *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1209 (9th Cir. 2016) (quoting *Duncan v. Scottsdale Med. Imaging, Ltd.*, 70 P.3d 435, 438 (Ariz. 2003)). "[T]he act that caused the harm will qualify as intentional conduct only if the actor desired to cause the *consequences*—and not merely the act itself—or if he was certain or substantially certain that the *consequences* would result from the act." *Rode v. Credio*, No. CV-14-02354-PHX-SRB, 2016 WL 5339682, at *4 (D. Ariz. Aug. 3, 2016) (emphasis in original) (quoting *Mein ex rel. Mein v. Cook*, 193 P.3d 790, 794 (Ariz. Ct. App. 2008)), *R. & R. adopted*, No. CV-14-02354-PHX-SRB, 2016 WL 5109866 (D. Ariz. Sept. 20, 2016). "Proof of resulting damage is not an element of the claim." *Johnson v. Pankratz*, 2 P.3d 1266, 1268 (Ariz. Ct. App. 2000). "[T]he only harm from a battery may be the affront to the plaintiff's dignity as a human being, the damage to his self-image, and the resulting

---

[8] Any physical contact made during the May 10 incident was alleged to have been by Officer Dunn, and all claims against Officer Dunn were previously dismissed by this Court. (Doc. 132).

mental distress." *Id.* (citation and alterations omitted). "Contact is offensive if it offends a reasonable sense of personal dignity." *Joseph v. Dillard's, Inc.*, No. CV-08-1478 PHX-NVW, 2009 WL 5185393, at *16 (D. Ariz. Dec. 24, 2009) (internal quotation marks and citation omitted). "Similarly, a claim for common-law assault requires that the plaintiff allege that the defendant acted 'with intent to cause another harmful or offensive contact or apprehension thereof, and the other person apprehend[ed] imminent contact." *Paradise Valley*, 815 F.3d at 1209. Claims for battery and assault "are the same except that assault does not require the offensive touching or contact." *Id.*

Safeway asserts that Plaintiff has provided no evidence that Dove intended to cause harm or knew with substantial certainty that harm would result from the brief contact and that Plaintiff has failed to produce any evidence of injury. (Mot. at 4). After review of the filings, the Court notes that there are no allegations of intent to cause harm or injury nor any evidence to support an allegation of intent. Because Plaintiff has failed to provide sufficient evidence to support his claim, summary judgment will be granted to Safeway on this claim.

### D. *Harassment Claim Against Safeway*

In the FAC, Plaintiff asserts that he is bringing a claim of harassment against Safeway. (FAC at 3). The claim appears to be related to the May 10 incident involving Officer Dunn. Specifically, Plaintiff alleges that "Safeway Store Manager J.D. Hall . . . provided an environment, opportunity [and] atmosphere for Off[icer] Blake Dunn (21722), not in uniform, with no suspicion or probable cause, to assault[] and harass me." (FAC at 3). Safeway interprets the claim as one under 42 U.S.C. § 1983 based upon Officer Dunn's involvement in the incident and argues that such a claim fails because no "state action" has been shown on behalf of Safeway. (Mot. at 4).

"Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Section 1983 liability extends

to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." *Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002). "Whether a private party engaged in state action is a highly factual question." *Id.* The Court first starts with a "presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Courts have then used four different factors or tests to determine if a private actor's actions amount to state action: (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *Id.* at 835–36. Safeway argues that no evidence has been provided that it is or was a state actor in regard to the incidents at the Safeway Store. Safeway focuses on the "joint action" test. (Mot. at 5). "To be engaged in joint action, a private party must be a 'willful participant' with the State or its agents in an activity which deprives others of constitutional rights." *Brunette*, 294 F.3d at 1211 (citation omitted). Safeway argues that there is no evidence that it was "jointly engaged with the Tempe Police at the time Plaintiff claims he was harassed," (Mot. at 5), and the Court agrees. Other than Plaintiff's bare allegations that Safeway "provided an environment, opportunity & atmosphere for Off[icer] Blake Dunn . . . to assault[ ] and harass" him and that "Hall targeted [him] for [Tempe Police Department's] racist toxic culture, infecting Off[icer] Dunn's, (acting with glee) due to my race," Plaintiff has provided no evidence of any joint action between Safeway and the Tempe Police Department. When questioned in his deposition regarding such evidence, Plaintiff was unable to assert how such evidence would be provided. (Doc 134-1 at 23–24).

Safeway also asserts that if Plaintiff is alleging a claim for harassment against Safeway not under § 1983, such a claim fails because "Arizona does not recognize a civil cause of action for harassment outside an employment relationship." (Mot. at 5–6). Courts in this District have dismissed claims for harassment based on the same argument. *See Amor v. Arizona*, No. CIV 06-499-TUC-CKJ, 2009 WL 529326, at *21 (D. Ariz. Feb. 27,

2009) ("The Court finds there is no basis to conclude that Arizona would recognize a tort for harassment or stalking."); *Pataky v. City of Phoenix*, No. CV-09-01483-PHX-JAT, 2009 WL 4755398, at *8 (D. Ariz. Dec. 8, 2009) (dismissing claim for harassment when defendant argued that no such tort exists under Arizona law and plaintiff cited no authority supporting a tort for harassment under Arizona law and failed to respond to defendants' argument). Plaintiff has cited no authority for his claim of harassment under Arizona law. Accordingly, summary judgment is granted to Safeway on Plaintiff's claim of harassment.

### E. *Excessive Force Against Safeway*

Similarly to Plaintiff's Harassment claim, Plaintiff's "excessive force" claims fail because no evidence has been provided that Safeway was a "state actor" in either the May 2 or May 10 incidents.

Safeway argues that "[e]xcessive force is a claim arising under the Fourth or Eight Amendments of [the] U.S. Constitution alleging that force used by a government actor infringed upon a protected right." (Mot. at 6). Indeed, 42 U.S.C. § 1983 provides a cause of action for persons who have been deprived their constitutional rights by persons acting under color of law, including the right to be free from the use of "excessive force." S*ee Graham v. Connor*, 490 U.S. 386, 395 (1989) ("*[A]ll* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" (emphasis in original)).

Here, as noted above, Plaintiff has provided no evidence that Safeway was a state actor during the May 10 incident. The same is true of the May 2 incident. Therefore, Plaintiff cannot survive summary judgment for any claim of excessive force brought under § 1983. Summary judgment is granted to Safeway on Plaintiff's claim of excessive force.

### F. *Elder Abuse Against Safeway*

Safeway argues that although Plaintiff has asserted "Elder Abuse" as a cause of action, Plaintiff has not alleged any facts or circumstances to support this claim. Safeway argues that "[a]s a foundational matter, Plaintiff must demonstrate that he was unable to

protect himself from abuse, neglect, or exploitation because of a physical or mental impairment," citing the Arizona Adult Protective Services Act's (the "APSA") definition of "vulnerable adult" in §46-451(A)(9), and that Plaintiff has not provided any evidence to demonstrate that he is considered a "vulnerable adult." (Mot. at 8).

The APSA, § 46-451 *et seq.*, contains civil causes of action in various circumstances. Under Section 46-455(B)

> A vulnerable adult whose life or health is being or has been endangered or injured by neglect, abuse or exploitation may file an action in superior court against any person or enterprise that has been employed to provide care, that has assumed a legal duty to provide care or that has been appointed by a court to provide care to such vulnerable adult for having caused or permitted such conduct.

Under this statute, there are "four requirements for an actionable abuse claim: (1) a vulnerable adult, (2) has suffered an injury, (3) caused by abuse, (4) from a caregiver." *Delgado v. Manor Care of Tucson AZ, LLC*, 395 P.3d 698, 702 (2017). "[A]n APSA claim is premised initially on whether a person is a 'vulnerable adult.'" *Id.* The APSA defines "vulnerable adult" as "an individual who is eighteen years of age or older and who is unable to protect himself from abuse, neglect or exploitation by others because of a physical or mental impairment. . . ." A.R.S. § 46-451(9). And as quoted above, the cause of action permitted is "against any person or enterprise that has been *employed* to provide care, that has *assumed a legal duty* to provide care or that has been *appointed* by a court to provide care . . . ." A.R.S. § 46-455(B).

While Defendant asserts that Plaintiff has not provided any evidence to show that he is a "vulnerable adult" under the APSA, the Court also notes that in order for an abuse claim to be actionable, the abuse must stem "from a caregiver." None of the incidents alleged involve an employed, assumed, or appointed caregiver. Thus, Plaintiff's claim of "elder abuse" also fails.

## CONCLUSION

As discussed above, Plaintiff has not provided sufficient evidence for his claims

- 11 -

against Defendants Albertsons and Safeway to survive summary judgment.

**IT IS THEREFORE ORDERED** granting Defendants Albertsons and Safeway's Motion for Summary Judgment (Doc. 133) and vacating oral argument.

**IT IS FURTHER ORDERED** striking Plaintiff's sur-reply (Doc. 168).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 3rd day of July, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge